1    MCGREGOR W. SCOTT
     United States Attorney
2    KIRK E. SHERRIFF
     Assistant United States Attorney
3    2500 Tulare Street, Suite 4401
     Fresno, CA 93721
4    Telephone:  (559) 497-4000
     Facsimile:  (559) 497-4099
5
6    Attorneys for Plaintiff United States of America

7    NICHOLAS F. REYES
     Law Offices of Nicholas F. Reyes
8    1107 R Street
     Fresno, CA 93721
9    Telephone: (559) 486-4500
     Facsimile: (559) 486-4533
10
11   Attorney for Defendant Rodolfo Garcia Nunez

12

13                    IN THE UNITED STATES DISTRICT COURT

14                    EASTERN DISTRICT OF CALIFORNIA

15   UNITED STATES OF AMERICA,              CASE NO.  1:13-CR-00412-NONE-BAM

16                         Plaintiff,       JOINT STATUS REPORT AND STIPULATION
                                            TO CONTINUE STATUS CONFERENCE AND
17          v.                              ORDER

18   RODOLFO GARCIA NUNEZ,
                                            Date: June 8, 2020
19                         Defendant.       Time: 1:00 p.m.
                                            Honorable Barbara A. McAuliffe
20

21          The United States of America, by and through MCGREGOR W. SCOTT, United States

22   Attorney, and KIRK E. SHERRIFF, Assistant United States Attorney, and the defendant, by and through

23   Nicholas F. Reyes, his attorney of record, hereby submit this Joint Status Report and stipulate to

24   continue the status conference in this case from June 8, 2020 until September 28, 2020 at 1:00 p.m.  The

25   parties further request the following motions schedule:  the defendant shall file motions on or before

26   July 31, 2020, the government shall respond by August 21, 2020, the defendant's reply (if any) shall be

27   filed on or before August 28, 2020, and the hearing on any motions shall be noticed and calendared

28   before the Honorable Dale A. Drozd on September 8, 2020 at 10:00 a.m.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice.  This General Order was entered to address public health concerns related to COVID-19.  Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  And moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).

The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also*

*United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus

is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory

rules.

Defendant Rodolfo Garcia Nunez is housed in the Lerdo Detention Facility.  Defense counsel,

Nicholas F. Reyes, requires additional defense preparation and investigation as this case involves an

alleged conspiracy over a lengthy 5-year period from 2004 to 2009.  Defendant was arrested in 2019,

approximately 6 years after the Indictment was filed.  Defense has received voluminous discovery and

has attempted to isolate the pertinent false returns which are attributable to Mr. Rodolfo Garcia Nunez.

The government has also extended a plea offer to the defendant, which defense counsel and the

defendant will need to consider.  Counsel requires an additional 60 days to work with defendant, with

the isolated false returns and verify endorsements signatures and the transaction with the defendant, in

addition to the time required to prepare and file potential motions pursuant to the schedule identified

above.  Due to the COVID-19 pandemic and its resultant government issued orders of social distancing,

counsel has not traveled to the detention facility to fulfill necessary client review of the pertinent

discovery.

In light of the societal context created by the foregoing, this Court should consider the following

case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

justice exception, § 3161(h)(7).[2]  If continued, this Court should designate a new date for the status

conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

continuance must be "specifically limited in time").

The parties request that time be excluded between June 8, 2020 and September 28, 2020 for the

following reasons:  defense requires additional time to consult with his client, to review the current

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

charges, to conduct investigation and research related to the charges, to review and copy discovery for this matter, to evaluate and discuss the pending plea offer and potential resolutions with his client, to prepare pretrial motions (including a motion to dismiss), and to otherwise prepare for trial.  Defense investigation has been slowed by the inability to review discovery with his client and communication has been hampered given the conditions at the jail.  The case involves a 5-year, 5 defendant conspiracy with extensive discovery dating back to 2004 through 2009.   The proposed status conference date represents the earliest date that counsel is available thereafter, taking into account counsel's schedule and commitments to other clients, and the need for preparation in the case and further investigation.  In addition, given the public health concerns cited by General Order 611, 612, 617, and 618 and the judicial declaration of emergency and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendant continuity of counsel, and unreasonably deny both the defendant and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case.  18 U.S.C. § 3161(h)(7)(B)(iv).  Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.  Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: June 1, 2020

MCGREGOR W. SCOTT
United States Attorney

/s/ Kirk E. Sherriff
KIRK E. SHERRIFF
Assistant United States Attorney

Dated: June 1, 2020

/s/ *Nicholas F. Reyes*
NICHOLAS F. REYES
Attorney for Defendant
RODOLFO GARCIA NUNEZ

1

2                                            **ORDER**

3          IT IS HEREBY ORDERED that the status conference in this case be continued from June 8,

4   2020 until **September 28, 2020 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.**

5          IT IS FURTHER ORDERED that the defendant shall file motions on or before July 31, 2020, the

6   government shall respond by August 21, 2020, the defendant's reply (if any) shall be filed on or before

7   August 28, 2020, and the hearing on any motions shall be calendared before the **Honorable Dale A.**

8   **Drozd on September 8, 2020 at 10:00 a.m.**

9          IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as

10  requested outweigh the interest of the public and the defendants in a trial within the original date

11  prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of

12  computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must

13  commence, the time period of June 8, 2020 and September 28, 2020, inclusive, is deemed excludable

14  pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court

15  at the parties' request on the basis of the Court's finding that the ends of justice served by taking such

16  action outweigh the best interest of the public and the defendant in a speedy trial.

17  IT IS SO ORDERED.

18     Dated:   **June 1, 2020**                    _/s/ Barbara A. McAuliffe_

19                                         UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28