MCGREGOR W. SCOTT
United States Attorney
KIRK E. SHERRIFF
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff United States of America

NICHOLAS F. REYES
Law Offices of Nicholas F. Reyes
1107 R Street
Fresno, CA 93721
Telephone: (559) 486-4500
Facsimile: (559) 486-4533

Attorney for Defendant Rodolfo Garcia Nunez

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-00412 NONE BAM |
|---|---|
| Plaintiff, | **STIPULATION TO CONTINUE STATUS CONFERENCE AND ORDER** |
| v. | Old Date: Sept. 28, 2020 |
| RODOLFO GARCIA NUNEZ, | New Date: Nov. 23, 2020<br>Time: 1:00 p.m.<br>Honorable Barbara A. McAuliffe |
| Defendant. | |

The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KIRK E. SHERRIFF, Assistant United States Attorney, and the defendant, by and through Nicholas F. Reyes, his attorney of record, hereby submit this stipulation to continue the status conference in this case from September 28, 2020 until November 23, 2020 at 1:00 p.m.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of

STIPULATION TO CONTINUE STATUS CONFERENCE
AND PROPOSED ORDER                                              1

April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

Defense counsel continues to undertake additional defense preparation and investigation, and to evaluate and review both the plea offer extended by the government and the extensive discovery in this case.  Defense counsel previously considered and evaluated whether to file pretrial motions.  Defense counsel requires the additional requested time to continue to consult with defendant, evaluate the evidence, and evaluate and prepare any response to the government's plea offer.  Defendant Rodolfo Garcia Nunez is housed in the Lerdo Detention Facility.  Due to the COVID-19 pandemic and its resultant government issued orders of social distancing, counsel continues to require more time than would otherwise be the case to accomplish the above tasks and to confer with defendant.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7).[2]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties request that time be excluded between September 28, 2020 and November 23, 2020 for the following reasons:  Defense counsel requires additional time to consult with his client, to further review the current charges and conduct additional investigation and research, to further review discovery in this matter, and to further evaluate and discuss the pending plea offer and potential resolutions with his client, and to otherwise prepare for trial.  The case involves a five-year, five defendant conspiracy with extensive discovery dating back to 2004 through 2009.   The proposed status conference date is also requested based on defense counsel's schedule and commitments to other clients, as well as the need for preparation in the case and further investigation.  In addition, given the public health concerns cited by General Order 611, 612, 617, and 618 and the judicial declaration of emergency and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendant continuity of counsel, and unreasonably deny both the defendant and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. § 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: September 23, 2020         MCGREGOR W. SCOTT
                                  United States Attorney

                                  /s/ Kirk E. Sherriff
                                  KIRK E. SHERRIFF
                                  Assistant United States Attorney

Dated: September 23, 2020         /s/ Nicholas F. Reyes
                                  (authorized on 9/23/20)
                                  NICHOLAS F. REYES
                                  Attorney for Defendant
                                  RODOLFO GARCIA NUNEZ

## **ORDER**

IT IS SO ORDERED that the Status Conference is continued from September 28, 2020 to **November 23, 2020, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.** Time is excluded pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv).

IT IS SO ORDERED.

Dated:   **September 23, 2020**          /s/ Barbara A. McAuliffe
                                         UNITED STATES MAGISTRATE JUDGE