MCGREGOR W. SCOTT
United States Attorney
KIRK E. SHERRIFF
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff United States of America

NICHOLAS F. REYES
Law Offices of Nicholas F. Reyes
1107 R Street
Fresno, CA 93721
Telephone: (559) 486-4500
Facsimile: (559) 486-4533

Attorney for Defendant Rodolfo Garcia Nunez

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>RODOLFO GARCIA NUNEZ,<br><br>            Defendant. | CASE NO. 1:13-CR-00412 NONE BAM<br><br>**STIPULATION TO VACATE STATUS CONFERENCE AND SET CHANGE OF PLEA HEARING; AND ORDER**<br><br>Old Date: Nov. 23, 2020<br><br>New Date: Dec. 4, 2020<br>Time: 9:00 a.m.<br>Honorable Dale A. Drozd |

The United States of America, by and through MCGREGOR W. SCOTT, United States Attorney, and KIRK E. SHERRIFF, Assistant United States Attorney, and the defendant, by and through Nicholas F. Reyes, his attorney of record, hereby submit this stipulation to vacate the status conference set in this case for November 23, 2020, and to set the matter for a change of plea hearing on December 4, 2020.  The parties anticipate that defendant, by videoconference, will enter a guilty plea on that date pursuant to the terms of a written plea agreement.  To ensure continuity of counsel and the time needed for case preparation, and taking into account defense counsel's schedule availability, the parties

jointly request that the change of plea hearing be set before Judge Drozd on December 4, 2020, at 9:00 a.m.

On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California until further notice. This General Order was entered to address public health concerns related to COVID-19. Further, pursuant to General Order 611, this Court's declaration of judicial emergency under 18 U.S.C. § 3174, and the Ninth Circuit Judicial Council's Order of April 16, 2020 continuing this Court's judicial emergency, this Court has allowed district judges to continue all criminal matters to a date after May 1, 2021.[1]

Although the General Orders and declaration of emergency address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. And moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering and ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 and the subsequent declaration of judicial emergency require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders and declaration of judicial emergency exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7). Although the Speedy Trial Act does not directly address continuances

---

[1] A judge "may order case-by-case exceptions" at the discretion of that judge "or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).

STIPULATION TO VACATE STATUS CONFERENCE AND
SET CHANGE OF PLEA HEARING; PROPOSED ORDER       2

stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7).[2] If continued, this Court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

The parties will be filing a signed plea agreement in this case, and the defendant anticipates proceeding with the change of plea by video conferencing. To ensure continuity of counsel and the time needed for further case preparation, including preparations to proceed with the change of plea by video conferencing, and taking into account defense counsel's schedule availability, the parties jointly request that a change of plea hearing be set on December 4, 2020, and that time be excluded through December 4 so that the change of plea may be heard on that date.

The parties request that time be excluded between November 23, 2020 and December 4, 2020 for the following reasons: Defense counsel requires the additional requested time to ensure continuity of counsel, taking into account counsel's schedule availability and further needed case preparation. Defendant Rodolfo Garcia Nunez is housed in the Lerdo Detention Facility. Due to the COVID-19 pandemic and its resultant government-issued orders of social distancing, defense counsel anticipates requiring more time than would otherwise be the case to accomplish tasks in this case and other pending

---

[2] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

matters. The proposed continued date is also requested based on defense counsel's schedule and commitments to other clients. In addition, given the public health concerns cited by General Order 611, 612, 617, and 618 and the judicial declaration of emergency and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.

The parties further believe that time should be excluded, in that failure to grant the requested case schedule would unreasonably deny the defendant continuity of counsel, and unreasonably deny both the defendant and the government the reasonable time necessary for effective preparation, taking into account the parties' due diligence in prosecuting this case. 18 U.S.C. § 3161(h)(7)(B)(iv). Based on the above-stated findings, the ends of justice served by the schedule as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act. Therefore, the parties request that the Court exclude the time until the new hearing date from calculations under the Speedy Trial Act.

Dated: November 17, 2020             MCGREGOR W. SCOTT
                                     United States Attorney

                                     /s/ Kirk E. Sherriff
                                     KIRK E. SHERRIFF
                                     Assistant United States Attorney

Dated: November 17, 2020             /s/ Nicholas F. Reyes
                                      (authorized on 11/17/20)
                                     NICHOLAS F. REYES
                                     Attorney for Defendant
                                     RODOLFO GARCIA NUNEZ

## **ORDER**

IT IS HEREBY ORDERED that the status conference in this case be vacated and that a change of plea hearing be set for **December 4, 2020 at 9:00 a.m. before District Judge Dale A. Drozd.**

IT IS FURTHER ORDERED THAT the ends of justice served by the schedule set forth herein as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act for the reasons stated in the parties' stipulation.  For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 23, 2020 through December 4, 2020, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **November 18, 2020**          /s/ *Barbara A. McAuliffe*
                                        UNITED STATES MAGISTRATE JUDGE